IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **WILLIAM WALSH**,<br><br>    Plaintiff,<br><br>vs.<br><br>**JMN ENTERPRISES, INC., MICHAEL NITTI**, individually, and **JACQUELINE NITTI**, individually,<br><br>    Defendants. | **COMPLAINT**<br><br>**Jury Trial Demanded**<br><br>Civil Action No.: |

Plaintiff WILLIAM WALSH, ("Walsh"), by and through his attorneys, upon personal knowledge as to himself and upon information and belief as to other matters, brings this Complaint against Defendants, JMN ENTERPRISES. INC., ("JMN"), MICHAEL NITTI, individually, and JACQUELINE NITTI, individually, (all Defendants collectively referred to as "Defendants") and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this lawsuit seeking recovery against Defendants for Defendants' violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq. and the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL").

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

3. This Court has subject matter jurisdiction over Plaintiff's NJWHL claims pursuant to 28 U.S.C. §§ 1332 and 1367.

4. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

5. At all times material hereto, Plaintiff performed non-exempt laborer duties for the Defendants throughout New Jersey. Defendants are therefore within the jurisdiction and venue of this Court.

6. At all times pertinent to this Complaint, Defendants were enterprises engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). Alternatively, Plaintiff worked in interstate commerce as to fall within the protections of the Act.

**PARTIES**

7. Plaintiff Walsh is an adult individual who is a resident of Toms River, New Jersey.

8. Plaintiff Walsh became employed by Defendants as a non-exempt laborer in New Jersey from in or about April 2017, through in or about July 2016.

9. Defendant JMN is in the business of general contracting and its corporate office is located in Toms River, Ocean County, New Jersey.

10. Upon information and belief, at all times relevant to this Complaint, Defendants employ individuals to perform labor services on their behalf.

11. Upon information and belief, at all times relevant to this Complaint, Defendant JMN's annual gross volume of sales made or business done was not less than $500,000.00.

12. At all times relevant to this Complaint, JMN was and is an employer engaged in interstate commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

16. Upon information and belief, at all times relevant to this Complaint, Defendant Michael Nitti has been an owner, partner, officer, and/or manager of JMN.

18. Upon information and belief, at all times relevant to this Complaint, Defendant Michael Nitti has had power over personnel decisions at JMN, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

19. Upon information and belief, at all times relevant to this Complaint, Defendant Michael Nitti has had the power to determine employee policies at JMN, including, but not limited to, time-keeping and payroll policies.

20. Upon information and belief, at all times relevant to this Complaint, Defendant Michael Nitti has had power over payroll decisions at JMN, including the power to retain time and/or wage records.

21. Upon information and belief, at all times relevant to this Complaint, Defendant Michael Nitti has been actively involved in managing the day to day operations of JMN.

22. Upon information and belief, at all times relevant to this Complaint, Defendant Jacqueline Nitti has been an owner, partner, officer, and/or manager of JMN.

23. Upon information and belief, at all times relevant to this Complaint, Defendant Jacqueline Nitti has had power over personnel decisions at JMN, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

24. Upon information and belief, at all times relevant to this Complaint, Defendant Jacqueline Nitti has had the power to determine employee policies at JMN, including, but not limited to, time-keeping and payroll policies.

25. Upon information and belief, at all times relevant to this Complaint, Defendant Jacqueline Nitti has had power over payroll decisions at JMN, including the power to retain time and/or wage records.

### **FACTS**

26. Based upon the information preliminarily available, and subject to discovery in this cause, Defendants did not properly compensate Plaintiff for the overtime hours worked in a work week.

27. Plaintiff was paid a salary of $1,134.00 per week, regardless of the number of hours that he worked in a work week.

28. Michael Nitti controlled Plaintiff's whereabouts and duties during each workday, and each workweek.

29. Plaintiff routinely worked for Defendants five (5) to seven (7) days per week.

30. Plaintiff Walsh routinely worked on average approximately sixty (60) hours per workweek on behalf of Defendants, but, was not compensated at an overtime rate for the hours worked in excess of forty (40) per workweek.

31. Plaintiff Walsh did not hire and fire any of Defendants' other employees.

32. Plaintiff Walsh spent the majority of his time performing work as a laborer with the same duties as the other employees that worked at his site.

33. Plaintiff Walsh did not set the rates of pay of any other employees of Defendants.

34. Plaintiff Walsh did not set the schedules of any of Defendants' employees.

35. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA and NJWHL, as described in this Complaint.

36. At all times material hereto, Plaintiff was performing his duties for the benefit of and on behalf of Defendants.

37. This cause of action is brought to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b), as well as applicable provisions of NJWHL, on behalf of Plaintiff during the material time.

38. The records, if any, concerning the number of hours worked by Plaintiff are in the possession and custody of Defendants.

39. The records, if any, concerning the compensation actually paid to Plaintiff are in the possession and custody of Defendants.

40. At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL, in that Plaintiff performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff a compensation to which he was lawfully entitled for all of the hours worked in excess of forty (40) within a work week.

41. Plaintiff has retained the law office of Jaffe Glenn Law Group, P.A. to represent him and incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE FLSA

42. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the Paragraphs above.

43. Plaintiff is entitled to be paid additional compensation for each overtime hour worked per work period.

44. Defendants knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for their overtime hours worked in a work period.

45. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

46. As a result of Defendants' willful violations of the Act, Plaintiff is entitled to liquidated damages.

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE NJWHL

47. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the Paragraphs above.

48. Defendants' aforementioned conduct is in violation of the NJWHL.

49. As a direct and proximate cause of Defendants' actions, Plaintiff suffered damages, including but not limited to past lost earnings.

## JURY TRIAL

50. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff and the putative class demand judgment:

(1) on his first cause of action, against Defendants, in an amount to be determined at

trial, plus liquidated damages as permitted under the FLSA in an amount equal to the amount of unpaid wages, interest, attorneys' fees and costs;

(2) on his second cause of action, against Defendants, in an amount to be determined at trial, plus liquidated damages as permitted under the NJWHL in an amount equal to the amount of unpaid wages, interest, attorneys' fees and costs; (3) on their third cause of action, in an amount to be determined at trial, plus interest, attorneys' fees and costs;

(3) any other and further relief the Court may deem appropriate.

Dated: August 7, 2017

/s/ Andrew I. Glenn
Andrew I. Glenn, Esquire
E-mail: AGlenn@JaffeGlenn.com
New Jersey Bar No.: 026491992
Jodi J. Jaffe, Esquire
E-mail: JJaffe@JaffeGlenn.com
New Jersey Bar No.: 022351993
JAFFE GLENN LAW GROUP, P.A.
301 N. Harrison Street, Suite 9F, #306
Princeton, New Jersey 08540
Telephone: (201) 687-9977
Facsimile: (201) 595-0308
Attorneys for Plaintiff